UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

JANE DOE, K.N.

Plaintiff,                                        CIVIL ACTION NO.

v.

SHEPHERD'S HILL ACADEMY, INC.

Defendant.

## PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF HER MOTION TO PROCEED UNDER PSEUDONYM

Plaintiff Jane Doe K.N., by and through her attorneys, respectfully asks the Court to grant leave to proceed under pseudonym and to grant a protective order under Federal Rule of Civil Procedure 26(c) that ensures Defendant keeps Plaintiff's identity confidential during and after this action.

## INTRODUCTION

Jane Doe K.N. is a survivor of labor trafficking and abuse. The trauma that Jane Doe K.N. experienced because of Defendants' acts caused harm that affects Jane Doe K.N. every day and will continue to affect her for the rest of her life. Jane Doe K.N. filed this lawsuit using a pseudonym. Use of a pseudonym and appropriate protections for her identity are necessary to ensure that Jane Doe K.N. can pursue her legal rights without the risk of undue harm to her person, family, or the life she is trying to reclaim.

1

Jane Doe K.N. hereby seeks to proceed under a pseudonym.

Jane Doe K.N. asks the Court to enter an order authorizing her to proceed using a pseudonym in this litigation, to permit the filing of all unredacted personally identifying documents under seal, and to require redaction of any identifying information filed in Court by any party to this action or third-party.

Plaintiff wishes to protect and to guard against the release of her identity due to the highly personal and private nature of her child abuse and labor trafficking, mental health, and religious convictions, all of which would be forever associated with her name if it was publicized. The facts and circumstances at issue in this litigation will require Plaintiff to disclose information of the utmost intimacy. Moreover, Defendants are not prejudiced by Plaintiff proceeding in pseudonym, and Plaintiff's name has already been shared with counsel for Defendants.

Alternatively, should the Court not be inclined to grant this motion, for whatever reason, Plaintiff respectfully requests the opportunity to amend her complaint, with the amendment relating back to the date of original filing.

Plaintiff's Request to Proceed in Pseudonym Should be Granted.

**ARGUMENT AND CITATION OF AUTHORITY**

To decide whether a plaintiff may proceed anonymously, the Eleventh Circuit has held that the ultimate test is "whether the plaintiff has a substantial privacy right which outweighs the customary and constitutionally embedded presumption of

openness in judicial proceedings." *Doe v. Frank,* 951 F.2d 320,323 (11th Cir. 1992).

A party may proceed anonymously by "showing that he has a substantial privacy right which outweighs the customary and constitutionally-embedded presumption of openness in judicial proceedings." *Plaintiff B v. Francis,* 631 F.3d 1310, 1316 (11th Cir. 2011). The court first considers a three-part test, known as the "SMU Test": (1) is the plaintiff seeking anonymity challenging governmental activity; (2) will the plaintiff be required to disclose information of the utmost intimacy; and (3) will the plaintiffs be compelled to admit their intention to engage in illegal activity and thus risk criminal prosecution. *Id.* at 1316, citing *South Methodist Univ. Ass'n of Women Law Students v. Wynn & Jaffee*, 599 F.2d 707 (5th Cir. 1979). Only the second element is at issue in this case.

The SMU Test is only the first step in the analysis. Courts then review "all the circumstances of a given case," including whether the plaintiff was a minor and whether "anonymity posed a unique threat of fundamental unfairness to the defendant. *Plaintiff B*, 631 F.3d at 1316, citing *Southern Methodist Univ.*, 599 F.2d at 713.

Here, Plaintiff will be required to disclose information of the utmost intimacy, she was a minor when Defendant abused her, there is absolutely no unfairness posed to Defendant with her proceeding under pseudonym, and the public has no interest in knowing her identity. The Court should grant her motion and allow her to proceed

under pseudonym.

## I. Plaintiff's identity and the identities of other trafficking victims are intimate information.

Plaintiff and innocent nonparties have a substantial privacy right to avoid disclosure of sensitive and highly personal information in this lawsuit. "Where the issues involved are matters of a sensitive and highly personal nature, the normal practice of disclosing the parties' identities yields to a policy of protecting privacy in a very private matter." *Plaintiff B,* 631 F.3d at 1316. This case will involve intimate information for three primary reasons.

First, this case will involve descriptions of Plaintiff, and others while they were minors, being subjected to forced strip search multiple times in front of adult males. In *Plaintiff B,* the Eleventh Circuit held that descriptions of the plaintiffs while nude and engaging in explicit sexual conduct "could not be of a more sensitive and highly personal nature"; thus, the district court should have allowed the plaintiffs to proceed anonymously. *Id.* at 1317. Plaintiff and other victim witnesses should be allowed to proceed anonymously without likewise exposing private information about themselves.

Second, "religion is perhaps the quintessentially private matter." *Doe v. Barrow County*, 219 F.R.D. 189, 193 (N.D. Ga. 2003) (citing, *Doe v. Stegall*, 653 F.2d 180, 186 (5th Cir. 1981). As a result, "[t]he information of utmost

intimacy standard applies to cases involving…prayer and personal religious beliefs. *Plaintiff B.*, 631 F.3d at 131 (quoting, *Stegall*, 653 F.2d at 186). This case is replete with religious beliefs, religious coercion, and Plaintiff's resulting struggles as she attempts to rebuild her faith after enduring trauma at SHA disguised as religious dogma. This case will turn on issues of her personal faith, how SHA used it to coerce her into forced labor and compliance with abuse, and how she has dealt with the alienation and isolation her resulting loss of faith has caused her and her family. This is a highly personal matter that is at issue because of Defendant's conduct in this case.

Finally, while "the fact that information about a litigant's mental health may be revealed, *without more*, does not permit a party to proceed anonymously," *Doe v. Garland*, 341 F.R.D. 116, 118 (S.D. Ga. 2021) (emphasis added), Plaintiff's mental health is just one of several identifiable factors that weigh in favor of allowing her to proceed under pseudonym. To be sure, Plaintiff's mental health, both as a child and now as a young adult, including that of her family and witnesses, will be at the center of this case, and, combined with the other factors discussed herein, weighs strongly in favor of her proceeding anonymously.

Ultimately, identification poses a substantial risk to Plaintiff. She is a young adult who is seeking to establish an independent life and career following

5

the child abuse Defendant inflicted upon her. She remains acutely vulnerable from the trauma she endured and its lasting and profound effects on her life. Plaintiff fears that if her identifying information, including that of her exploitation, religious beliefs, and mental health, is disclosed to the general public, it will only compound her trauma and disrupt her efforts to build her life.

## II. The public's interest in knowing the identities of Plaintiffs and other trafficking victims is weak.

"The equation linking the public's right to attend trials and the public's right to know the identity of the parties is not perfectly symmetrical," and "[p]arty anonymity does not obstruct the public's view of the issues joined or the court's performance in resolving them." *Stegall*, 653 F. 2d at 185. Here, public knowledge of Plaintiff's identity serves no significant purpose.

This case does not involve a government entity or challenge government action. *Doe v. Frank*, 951 F.2d 320, 324 (11th Cir. 1992) (finding that suing the government weighs against anonymity). And there is no risk that disguising Plaintiff's identity would "obstruct public scrutiny of the important issues in this case." *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1076 (9th Cir. 2000). The public's interest in this litigation would not be furthered by disclosing Plaintiff's identity. Accordingly, the public's interest is not one that outweighs Plaintiff's substantial privacy interest here.

The desire of Plaintiff and other victim witnesses to remain anonymous and

to not endanger themselves or their families is compelling. Public disclosure of Plaintiff's identity and the identities of other victim witnesses may deter participation in this case and future litigants from coming forward. This would have a broad chilling effect on the litigation of heinous illegal acts against minors and the companies that financially benefit therefrom under 18 U.S.C. § 1595(a).

### III. The anonymity of Plaintiff and other victim witnesses does not pose a risk of fundamental unfairness to Defendants.

In *Plaintiff B*, the Eleventh Circuit found the defendants were not prejudiced by the plaintiff's anonymity, weighing in favor of granting plaintiff's motion to proceed anonymously, where the defendants were aware of the plaintiff's identities and were not barred from conducting a full range of discovery in building a defense for trial. 631 F.3d at 1319.

Plaintiff is not seeking to withhold her identity from the Court or Defense Counsel. Plaintiff has already disclosed her identity to Defendant. Plaintiff and other victim witnesses will participate in discovery, like any other party in federal court, once an appropriate protective order is in place to limit the dissemination of sensitive and highly intimate evidence in their possession as well as their identities. Therefore, Defendant's ability to investigate and defend against Plaintiff's claims will not be prejudiced. Plaintiff simply seeks redaction of Plaintiff's personally identifying information from the public docket and assurances that Defendants will not use or publish Plaintiff's identities in a manner that will

compromise her safety, personal life or future employment prospects.

## CONCLUSION

For the foregoing reasons, the Court should GRANT Plaintiff's Motion for Protective Order and Leave to Proceed Anonymously and should further order that all materials filed in this action, all judgments, and any other documents relating to this action shall refer to Plaintiff Jane Doe K.N. pseudonymously to witnesses identified by a party as victims of trafficking, as well as Plaintiff's family members, without additional identifying information.

A proposed order granting Plaintiff's motion is attached as Exhibit 1.

Respectfully submitted this 15th day of December, 2025.

Respectfully submitted,

/s/: Mitchell E. McGough
Mitchell E. McGough, Esq.
Georgia Bar No. 460942
Mitchell E. McGough Law, LLC
945 E. Paces Ferry Rd NE, Ste 2250
Atlanta, Georgia 30326
mitchell@mitchellmcgoughlaw.com
*Counsel for Plaintiff*

Kelly Guagenty, Esq. (*pro hac vice to be filed*)
Keith Smith, Esq. (*pro hac vice to be filed*)
Justice Law Collaborative, LLC
210 Washington St.
North Easton, MA 02356
(508) 230-2700

kelly@justicelc.com
keith@justicelc.com
*Counsel For Plaintiff*

## CERTIFICATE OF COMPLIANCE

Under Local Rules 5.1 (C) and 7.1 (D), I hereby certify that the foregoing filing complies with the applicable font type and size requirements and is formatted in Times New Roman, 14-point font.

/s/: Mitchell E. McGough
Mitchell E. McGough, Esq.
Georgia Bar No. 460942
Mitchell E. McGough Law, LLC
945 E. Paces Ferry Rd NE, Ste 2250
Atlanta, Georgia 30326
mitchell@mitchellmcgoughlaw.com
*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I, Mitchell E. McGough, hereby certify that on this 15th day of December, 2025, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of this electronic filing to all parties and or counsel of record in this action.

    /s/: Mitchell E. McGough
    Mitchell E. McGough